UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case Number: 00-6057-CV-Middlebooks
Bandstra

UNITED STATES OF AMERICA

    Plaintiff,

vs.

SAUNDRA L. HOWARD

    Defendant.
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $5793.16, plus interest on this principal amount computed at the rate of 7.00% percent per annum in the amount of $1320.07 as of January 7, 2000, plus interest thereafter on this principal until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.



WHEREFORE, plaintiff prays judgment against the defendant for the total of $7113.23, plus interest at 7.00% percent per annum on the principal amount of $5793.16, to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this ___11___ day of January, 2000.

                                      Respectfully submitted,

                                      Thomas E. Scott
                                      United States Attorney

By: _____
                                      Mary F. Dooley
                                      99 NE 4th Street
                                      3rd Floor
                                      Miami, FL 33132-2111
                                      Tel No. (305) 961-9311
                                      Fax No. (305) 530-7195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS**

Saundra L. Howard
AKA: Saundra D. Lee
16651 POB 16651
Fort Lauderdale, FL 33318
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07-17-99.

On or about 09-09-85, the borrower executed promissory note(s) to secure loan(s) of $5,000.00, from Florida Federal Savings & Loan Association at 7.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 05-28-87, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,298.76 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 04-22-96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $2,879.46 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 5,793.16 |
| Interest: | $ 1,126.75 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 07-17-99: | $ 6,919.91 |

Interest accrues on the principal shown here at the rate of $1.11 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: August 5, 1999      Name: [signature]
                                  Title: LOAN ANALYST
                                  Branch: LITIGATION BRANCH

GOVERNMENT EXHIBIT A

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| **BORROWER'S NAME AND ADDRESS:**<br>SAUNDRA D LEE<br>PL BOX 1615<br>SILVER SPRINGS FL<br>32688 | **LENDER'S NAME AND ADDRESS:**<br>FLORIDA FEDERAL SAVINGS AND LOAN ASSN   SEP 12<br>P. O. BOX 1509<br>ST. PETERSBURG, FL   33731<br><br>09/02/85                GSLP # 202-0037356 |

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or of payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate | 0 0 0 1 3   0 0 0 8 2 0<br>The amount of credit provided to you | Prepayment: If you pay off early, you |
| Prior to repayment / During repayment | | ☐ may  ☒ will not  have to pay a penalty.<br>☐ may  ☒ will not  be entitled to a refund of part finance charge. |
| 4.597 %      7.00 % | $ 4,679.45 | See the promissory note for any additional information about no payment, default, any required repayment in full before the sched date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 4,679.45                  Amount Paid to Yc

Loan Amount $ 5,000.00  Less: Prepaid Finance Charge $ 320.55  Less: Amount Paid To $ 7.50  Equals: $ 4,671
Includes:
Insurance Premium $ 70.55          Others On Your Behalf
                                   To: FLORIDA DEPT. OF REVENUE
Origination Fee    $ 250.00        FOR: DOCUMENTARY STAMP TAX
( 5.0 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANCE |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 09/10/85 | 5,000.00 | 7.50 | 70.55 | 250.00 | 4,671. |

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 7.50 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

### PROMISE TO PAY

I, SAUNDRA D LEE          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                    , the borrower, promise to pay to

FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION         , the lender, or to a subsequent

holder of this Promissory Note, all of the principal sum of $ 5,000.00 , to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 7.00 percent a year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs - including attorney's fees - that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**   If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

0615  1993  1425  2489

                                                                                    5.0
**ORIGINATION FEE**   If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all of the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than ____12____ months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, o the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, tha the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitle to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in th regulations governing the GSLP in any of these circumstances.
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP, unless I am not a citizen or national of the United States and am studying at a school not located i the United States);
   B. Full-time study at an institution of higher education or vocational school that is operated by an agency of the Federal Government (e.g., the service academies
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am:
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal Income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which th Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spous who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognitio required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking, but unable to find full-time employment in the United States. To be granted a defermen I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted n longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines tha I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lende may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest o this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLI

**LATE CHARGES**   If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it i due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not excee $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**   Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other tha the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lende This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissor Note is not a holder in due course.

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also mak me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the followir events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my nam address, or school enrollment status.

**DISABILITY OR DEATH**   If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organiza tions after the holder has attempted to contact me. The holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayme within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organization If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address. The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the hold may disclose information about the status of this loan to any credit bureau.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 10 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fee books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be use for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| Saundra D. Lee | 19 East Pearl lane Pensacola Fl | Sept 9th 1985 |
|---|---|---|
| SIGNATURE OF BORROWER | ADDRESS  0615  1993  1425  28956 | DATE |

| | | |
|---|---|---|
| NAME OF CO-SIGNER* (print or type) | ADDRESS | |

| | | |
|---|---|---|
| SIGNATURE OF CO-SIGNER | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

[Stamp: SEP 1 6 1985]
[Stamp: FILMED]
[Stamp: FLORIDA FEDERAL SAVINGS]
[Stamp: PAYABLE TO THE ORDER OF FLORIDA DEPARTMENT OF EDUCATION WITHOUT RECOURSE BY FEDERAL BANK OF FLORIDA, VICE PRESIDENT]
[Stamp: All rights, title, and interest of the undersigned is hereby assigned (with our liabilities for insurance) to Florida Department of Education.  BY SERVICES, INC.  Date 12/11/96]

(Rev. 12/96)

# CIVIL COVER SHEET

00-6057

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE
BANDSTRA

CIV-

**I.(a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

SAUNDRA HOWARD

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Broward 0:00cv6057/D.M

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT
99 N.E. 4th Street suite 300
Miami, FL 33132-2111 (305)961-9311

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Med Malpractice | B[ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans Excl. Veterans. | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | B[ ] 530 General | | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | | A[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | A[ ] 791 Empl. Ret. Inc. Security Act | | |
| | | B[ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARNATOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL via __0__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 7113.23
plus interest and costs

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/11/00

SIGNATURE OF ATTORNEY OF RECORD
Mary F. Dooley

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____